IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SLEP-TONE ENTERTAINMENT
CORPORATION,

     Plaintiff,

v.

FAYE JOHNSON et al.,

     Defendants.

Case No. 8:11cv1528-JSM-EAJ

## ORDER

That portion of the above-captioned case relating to the dispute between Slep-Tone Entertainment Corporation ("Slep-Tone") and Andrew and Patrice Couche ("the Couches") was tried in a bench trial before the undersigned on February 13, 2013.

On February 20, 2013, the Court entered a permanent injunction but reserved judgment on the question of damages. The parties were ordered to attempt to settle this matter and to report to the Court. The parties reported that they were unable to settle the matter, and the Court now takes up the issue of damages.

## FINDINGS OF FACT

1.    The Couches own 704 original SOUND CHOICE® karaoke discs.

2.    The Couches made duplicates of the contents of those discs onto the hard drive of a server computer stored at their home and connected to the Internet.

3.    The Couches own three additional "satellite" computers that are each capable of being used to produce karaoke shows and that were each used, from time to time, to produce karaoke shows.

4.    The Couches' computer system allowed the satellite computers to access the server via a "virtual private network" over the Internet.

5.    As such, each of the satellite computers had simultaneous access to the karaoke files stored on the server computer.

6.    In use, the satellite computer requested a karaoke track to be copied from the server into volatile memory for play on the satellite computer.

7.    The system allowed the same track to be played at multiple shows in different locations at the same time, although the Couches are investigating controls that would disallow that feature.

8.    One of the purposes of establishing this arrangement was to allow the Couches to leverage their entire karaoke collection at multiple simultaneous

shows, so that participants at each show had access to the entire collection at all times.

9.     By establishing this arrangement, the Couches were able to obtain the use of three instances of their 704-disc collection for the price of only one instance.

10.    The Couches spent approximately $20,000 or more in acquiring their 704-disc collection over a period of years.

11.    Because many discs have been discontinued and because disc prices have declined, a reasonable estimate of the current value of that collection is $13,000.

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact, the Court makes the following conclusions of law:

1.     The foregoing acts, undertaken without Slep-Tone's permission, constitute infringement of Slep-Tone's permission, constitute infringement of Slep-Tone's rights in its karaoke tracks, particularly with respect to the creation of duplicate karaoke tracks bearing Slep-Tone's federally registered trademarks.

2.    The use of substantially exact duplicates of Slep-Tone's

trademarks appear on karaoke tracks that were copies that the Couches created

of Slep-Tone's karaoke tracks creates a likelihood of confusion on the part of

the Couches' customers (such as bars and restaurants) and patrons (the persons

who sing at or attend the Couches' shows) as to the origin, sponsorship, or

approval by Slep-Tone of the Couches' goods and services.

3.    Because the Couches were able, through this arrangement, to

obtain the benefit of having 1,408 discs that they did not purchase, Slep-Tone

has been damaged at least by virtue of the loss of the sales of those discs.

4.    The Couches' infringement was not willful.

In view of the foregoing, it is therefore ORDERED, ADJUDGED, and

DECREED as follows:

1.    The permanent injunction entered on February 20, 2013, remains

in effect and is confirmed.

2.    Judgment is hereby entered in in favor of Slep-Tone Entertainment

Corporation against Andrew and Patrice Couche, jointly and severally, in the

amount of $26,000.

3.      The Clerk is directed to close this case.  The Court retains

jurisdiction over this matter for a period of one year for purposes of

enforcement of this judgment.

IT IS SO ORDERED in Tampa, Florida, on April 23, 2013.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


**Copies furnished to:**
Counsel/Parties of Record